PELEG SHERMAN and Wife *v.* ABBY A. CHACE, Administratrix.

Errors in a Probate Account may be corrected by opening the account, or by proper charges, or credits in a new account, where the items have not been specially adjudicated upon.

On a Probate Appeal, charging that an administratrix had not accounted for certain property, where it did not appear that the Court of Probate had adjudicated specially on the items of her account, but the Supreme Court were satisfied that she had accounted for the property, although under an incorrect description ; *Held,* that as the balance stated was correct, there was no need of opening or amending the account, to correct the description.

APPEAL from a decree of the Court of Probate of the town of Portsmouth, allowing the account of Abby A. Chace, administratrix of the estate of Samuel W. Chace. The grounds of appeal which were insisted on at the trial of the appeal, are stated in the opinion of the court.

*Pearce, of Fall River, for appellants.*

*Sheffield, for administratrix.*

POTTER, J.    This is an appeal from a decree of the Court of Probate, of Portsmouth, settling the fourth administration account of Abby A. Chace, administratrix of the estate of Samuel W. Chace.

Five reasons are given for the appeal, but, on the hearing, all were waived except, 1st, That the estate was not settled according to law ; and 2d, That the administratrix had not inventoried or accounted for all the personal property which came into her hands.

On the hearing, evidence was adduced to prove that the furniture and watch did not belong to the deceased, that the cattle and hogs had either been killed before the decease of S. W. Chace, and inventoried, or had been included in a credit in a former account, under the head of "gain on sale of inventory, $820, 97."

The appellants contend that the error (if it be an error) can-not be now corrected ; and that the administratrix must still account for the property now sought to be charged.

In the case, of *Stetson* v. *Bass*, 9th Pick. 27, the Supreme Court of Mass. say : " We think there can be no doubt of the right and authority of a Judge of Probate to open an account filed for the purpose of correcting a manifest mistake. * * * * Justice requires that some method should be provided for the correction of such errors and mistakes ;" and go on to say that " when a mistake is made in the settlement of an account, the course is to apply to the Judge of Probate for the correction of the mistake by petition, or to state the amount claimed in a new account," &c. and refer to 1 Pick, 157, 206.    This was a case where an executor contended he had given a credit of a sum of $268,33 by mistake.

In the Revised Statutes of Mass. A. D. 1836, Ch. 67, § 10, provision is made for opening accounts and correcting mistakes, but the Supreme Court in *Wiggin, adm.* v. *Swett*, 6 Met. 198, say the law was substantially the same before the revised statute.

In the present case, there does not appear to have been any adjudication of the Court of Probate upon this particular item of credit, and being satisfied that under this description, (al-though a mistaken one) the administratrix has already accounted for all that she ought to be required to account for, and that the balance as settled by the Court of Probate is the just balance, we see no need of opening the account.

But as the appellants may reasonably have been led to sup-pose, from the items of credit not having been stated, that cer-tain property was not accounted for, and because, moreover, such a loose mode of accounting should not be encouraged, we think the administratrix should recover no costs.

*Appeal dismissed.*